Opinion of Chief Justice.
The purpose of this writ of certiorari is to remove here an order or decree of the Orphans’ Court of the county of Monmouth, for the sale of certain real estate, late of John Taylor, deceased, made at the instance of Lewis Hanford, in order to satisfy a debt due to him from the deceased, which the administrator had neglected to pay or to procure the means of paying by a sale of real estate.
The counsel of the creditor, Hanford, have moved to quash this writ; 1st, because irregularly issued; 2d, because erroneously entitled.
*89 1. Tho writ they insist was without lawful authority, having the allowance of one of the justices of this court in vacation, instead of the allowance of the court, which could ■only be made on motion in open court and upon cause shewn.
The general question proposed by this objection underwent a full discussion and examination and was answered by this court in the case of Ludlow v. Executors of Ludlow, in September term 1817, 1 South. 387. The rule .then stated by the court and acted upon, and said to have been the ancient practice and uniformly holden, was to the following effect: “In superintending.inferior *jurisdictions, in [*72 the exercise of public power and authorities, in which the people at large are concerned, the writ of certiorari can be granted at bar only, and that upon good cause shewn. Of this kind of jurisdiction are all tribunals established by law for the execution of particular trusts, such as boards of freeholders, boards of assessors, townships and township committees, commissioners appointed to lay out roads, turnpikes, &c., and all corporations of every kind in the exercise of their corporate Junctions; in short, all tribunals which are called extraordinary and special, in contradistinction to the ordinary and common courts established for the trial of criminal offences and the determination of private rights between citizen and citizen. But with respect to the ordinary tribunals, whether civil or criminal, the certiorari being merely in the nature of a writ of error, to remove judgments in matters touching the private rights of individuals only, it has always been the custom and without public inconvenience may continue to be the custom, for a single judge at chambers to allow such writ;-and that without special cause shewn. In most cases indeed the late statute has prescribed the terms upon which such allowance shall be granted, and in these, of course, there can bo no doubt. The case of the Orphans’ Court, however, is not included in .the statute, but is left as it was at common law. Upon the *90 general principle, the Orphans’ Court being an ordinary jurisdiction for the determination of private rights between individuals, the allowance at chambers according to the-ancient practice of the judges at the common law, both in England and here, is a good allowance.” In the State v. Vanderveer, in May term, 1823, 2 Halst. 38, this subject-was'brought into review on a motion to quash a certiorari in matter of public road, which had been allowed by a judge at chambers, inconsistently it was said, with the rule in Ludlow v. Executors of Ludlow. The very experienced counsellor who sought to sustain the writ, said that for twenty years after the revolution, the practice in every case• was for the judge-to make the allocatur at chambers. ( The court, however, approved, relied on and adhered to the rule of Ludlow v. Ludlow.
From the course of practice thus sanctioned and established,. I find on due reflection, no motive to induce a departure. The rule is convenient, safe, salutary in its effect, supported by *73] substantial *and cogent reasons, and maintained as we are told by the court by long, frequent and approved usage. The case before us, it is true, is not that of a decree for the settlement of account, like Ludlow v. Ludlow. So far however as respects the present question, the matter of allowance, it is clearly within the principle on which the rulo is-founded. It is an order or decree for the sale of real estate.. The people at large are in no wise concerned. It touches-the private rights of individuals only. No public power or authority has been exercised or is to be brought into examination. The controversy is between private persons; a. matter of private interest wholly; and the certiorari is merely in the nature of a writ of error to remove a judgment. A distinction was taken and urged on the argument
by the counsel of the defendant, because the proceeding in question is called, not a decree, but an order, in the act of the legislature, and because, as alleged, it is- only an interlocutory proceeding, merely incidental or inducement to th& *91 final settlement of the estate, until which a final, and therefore an appealable sentence or decree is not made. The-jurisdiction of this court, however, and the suability of the-writ, depend not on the name, but the nature of the proceeding. As to the subject matter on which it operates, it is final. It has in itself if erroneous, the “ gravamen irreparabile," since “ alia senlentia de hac questione in eodemjudieio non speratur.” To compel the heir or devisee, whose land is about to bo wrested from him by an irregular and illegal order, to suffer a sale and wait perhaps for years until the final settlement of the accounts of the estate is made, in order to impugn the proceeding, would be cruel, useless and unprofitable; since he could have no redress for the intermediate injury, no subsequent events or occurrences could remove or heal the original error; and the first or subsequent purchasers might incur serious and irremediable losses.
I consider, therefore, that the order in question was subject to removal by certiorari and the allowance of a single judge was competent authority for issuing the writ.
2d. The second reason assigned for quashing the writ is,, that it is wrongly entitled. To the form of the writ or the command expressed in the body of it, no objection is made. The title endorsed is, “ the state, on the prosecution of the persons seeking relief against the person at whose instance the order alleged to bo *erroncous was made.” It is [*74 contended that as it is a case between private persons, it should have been entitled in the ordinary manner, between party and party; or if the name of the state is used as-plaintiff, the persons alleging themselves aggrieved and seeking relief, should have been styled defendants.
The manner of entitling writ-s of certiorari has not been entirely uniform, nor does it appear to be satisfactorily or firmly settled either by a course of practice or by express decision. In matters really of private right, or speaking perhaps more correctly, of individual controversy, the more- *92 common method, seems to have.been to name the party complaining of injury and seeking .relief, as plaintiff, and the party by whom, or at whose instance, the injurious act has been done, or sentence or decree rendered, the defendant. 'Thus in settlement cases, the overseers of the poor of litigant townships are parties, as will be seen in the numerous .cases in our reports. The writs which have brought here -decrees of the Orphans’ Courts on the settlement of accounts, have been styled between the person seeking redress and the executors or administrators. Wood and wife v. Executors of Talman, Coxe 153; Burroughs and wife v. Mickle, executor, &c., Penn. 913; Liddel v. McVickar, certiorari returned to September term, 1826; so of a decree for the appointment of a guardian, Eldridge and wife v. Lippencott, guardian, Coxe 397; so of a decree for the removal of a guardian, TenBrook v. McColm and wife. In matters which may be deemed to concern the people at large, or in which public powers or authorities are exercised, the more .usual mode seems to have been to entitle the state as plaintiff, but in respect to the defendant, a great diversity has prevailed. Thus in matter of public road, the clerk of the court has been styled defendant. The State v. Giles, clerk, &c., May term, 1791 — The State v. Clark, Clerk, &c., April term, 1796. And sometimes the applicants for the road, as The State v. Shreve and others, 1 South. 297; The State (Samuel Leake, prosecutor) v. Potts and others, ibid 340. At other times, the party seeking relief, The State v. Woodward, 4 Halst. 21; The State v. Scott, Ibid 17. A certiorari to the secretary of the state to bring up the proceedings in laying a turnpike road, was entitled The State v. The Newark and Pompton Turnpike Company, Penn. 381; to remove a by-law of a corporation, in order to try. its validity, .at the instance of one of the citizens, The State v. The *75] Mayor, &c., * of New Brunswick, Coxe 393; to try the validity of an election of sheriff, the sheriff was made defendant, The State v. Anderson, Coxe 318; to remove a classifi *93 cation and assessment under militia law, the captain who-made them was entitled to defendant, The State v. Chambers, Coxe 400.
The remarks of one of the court in The State v. Kirby, 2 South. 838, seem to have been supposed to establish a-genera] rule that where the state is made plaintiff the party seeking relief is to be styled defendant. In this supposition I am inclined to think they are extended beyond the meaning of the learned judge who used them. Ho meant to-apply them to the particular case and not to pronounce a-general rule. The rule is indeed laid down as a general one with respect to settlement cases by Burrow, 1 Burr. 52; yet in those cases it has not been followed here; I am not aware even of a single instance. Nor does it universally prevail in other cases in England. Thus in 2 D. and E. 234, a certiorari to remove the assessment of a land tax is styled, Rex v. King and others, the commissioners of the land tax by whom the assessment was made. There seems to my mind somewhat of incongruity, in many instances, in making the state plaintiff against the person as defendant, who alleges he is injured, and who has sought and obtained the aid and assistance of the state to inquire by its writ into the grounds of complaint, and hi omitting in any wise to name as a party the person at whoso instance the obnoxious order or proceeding has taken place. The difficulty has never yet, I presume, been satisfactorily removed which was suggested to the court in one of those cases by the counsellor who sought to enter an appearance in support of the proceeding. He could not appear for the state, as that place was preoccupied, and he would not for the defendants in certiorari, as they were the persons to whom and to whose interests he was opposed. These observations are, however, to be understood as referring to the cases in which it is proper to make the state a nominal party. In the present case, which is one of mere private right, I am inclined to the opinion that the mode most convenient and *94 most conformable to our general practice is to entitle the certiorari between the party who seeks redress, as plaintiff, and the party at whose instance the order was made, as defendant. These heirs at law, who now complain, were not, it is true, nominally a party to the proceedings in the *76] Orphans’ *Court. Yet are they privies and have full right to be heard here as their estate and interest are directly concerned. Although such seems the preferable mode of entitling the writ, I can find no serious objection to the style adopted in the present case. The state, at the request of the party aggrieved, against the person who has •caused and procured the act complained of, is natural and not inappropiiate. If, however, the title should have been between party and party, I am not of opinion the writ in question should be quashed on that account. I concur with the sentiments expressed by the judges who spoke on this topic in The State v. Kirby. One said, “ he should have •ordered an amendment if the rror had been only in the endorsement of the writ.” The other said ; “ in mere matter of form then, the party moving to quash the certiorari, may be right; but still as the writ itself is for a proper •object, directed to the proper officers, and advisedly and regularly issued, and as the entitling is but a mere mistake in the endorsement and not of the essence of the thins at all; and especially as there seems to have been no settled practice on this subject, I cannot think it ought to be quashed for that cause.”
Opinion of Justice Ford.
Lewis Hanford obtained judgment against Ann Taylor, administratrix of John Taylor, deceased, and thereupon sued an execution against the goods of the testator, which was returned nulla bona. The statute Rev. Laws 782, sec. 20, enacts, that upon such a return, if the administrator shall neglect or refuse, for' the space of six months, after being thereto required, to obtain an order of the Orphans’ *95 Court for the sale of the real estate of the testator, that the creditor may apply for such order, and thereupon the court may make such a rule to shew cause, as is mentioned in the 19 th section of the act, Rev. Laws 435. The rule there mentioned is upon all persons interested in the real estate to shew cause why'it should not be sold for payment of the testator’s debts. Accordingly an order of that court was made in pursuance or color of these statutes, and the same is removed into this court by certiorari. The order of the court and the names of the parties are all correctly stated in the body of the writ; but the endorsement on the back of it is, “ The State (on the prosecution of the heirs of John 'Taylor, dec.) v. Lems Hanford." And this writ of certiorari was allowed by a j udge at chambers; whereupon the counsel of the defendant moves to quash it on several grounds.
*First, because it was allowed by a judge at chain- [*77 bers and not in open court. The cases on this point shew that an allocatur at chambers is not regular, when it is for the removal of proceedings affecting the public at large, such as orders of townships, township committees, boards of chosen freeholders, assessors, surveyors of highways, corporations, and commissioners under the authority of public or private statutes. The writ can be allowed in such cases only upon cause shewn in open court, unless some statute has specified the terms on which it may issue. For not only are those just mentioned, extraordinary tribunals, but the cases are those of a public nature. On the other hand, it was admitted in the case of Ludlow v. Ludlow, 1 South. 387, that an allocatur might be granted at chambers on a certiorari directed to the ordinary tribunals in private causes. But a dispute arose whether the Orphans’ Court was an ordinary tribunal, seeing it had no common law jurisdiction, but was wholly created by statute. And .though this is so, yet a majority of the court held that ..for this purpose, it might now be-considered as an ordinary *96 or common tribunal, with a jurisdiction over goods and lands to an almost immeasurable extent, and that a certiorari to it allowed by a judge at chambers, was regular and good. That decision I consider as final, and it has my entire approbation. Where no appeal is given, the statute-limits the prosecution of a certiorari to three . months. Plow in many cases there would be no Supreme Court open within that time where an application could possibly be-made, and if an allowance of the writ could not b.e granted at chambers, the grossest errors might occur in the very-greatest estates, without a possibility of redress. It was'answered, that if the limitation to three months was an-inexpedient one, let the legislature alter it. -But the legislature have deemed this limitation to ninety days a wise-measure to prevent unnecessary and unreasonable delays..' Instead of altering, they have, in fact, re-enacted it since that decision ; and I hold to be neither inexpedient nor impracticable, unless we make it so by a renunciation of the only practice by which suitors can have the benefit which the statute gives them. An allocatur at chambers-according to the ancient practice so fully recognized by the court and the oldest counsel in Ludlow v. Ludlow, and: understood by the legislature, becomes indispensibly necessary to carry the statute into effect. The practice and' *78] statute *may both stand without the least inconvenience, but if we divide them we repeal the statute by a-judicial decision. Therefore the allocatur at chambers is-altogether necessary and regular.
On the second ground taken for quashing this writ,, because it is wrongly entitled, I think it amendable in that respect. And am therefore opposed to quashing the writ on either ground.
Justice Drake concurred.